UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR MANUEL LOPEZ HERRERA,

Petitioner,

Case No. 25-cv-13627
Honorable Linda V. Parker

v.

KEVIN RAYCRAFT, Immigration and Customs
Enforcement, Director of Detroit Field Office,
Enforcement and Removal, KRISTI NOEM,
Secretary of the U.S. Department of Homeland
Security, U.S. DEPARTMENT OF HOMELAND
SECURITY, PAMELA BONDI, U.S. Attorney
General, and EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

_____/

## OPINION AND ORDER GRANTING PETITION
## FOR WRIT OF HABEAS CORPUS

### Background

Petitioner, although having no lawful immigration status, has resided in the

United States since 2008.  During that time, he married a United States citizen with

whom he has had two children who are currently six and seventeen years old, and

he maintained valid employment authorization and employment.

On November 4, 2025, Petitioner was taken into custody by immigration

agents.  He has been detained ever since without a bond hearing pending removal

proceedings.  Petitioner is currently being held at the North Lakes Processing

Center in Baldwin, Michigan.  His removal proceeding is being held before the

Detroit Immigration Court.

On November 14, 2025, Petitioner filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241, claiming that his detention without a bond hearing

violates the Immigration and Nationality Act ("INA") and the Due Process Clause

of the Fifth Amendment.  Respondents argue that Petitioner's detention is

mandatory and, therefore, he is not being unlawfully detained.  Respondents also

argue that the Court should refrain from deciding the merits of the petition until

Petitioner exhausts his administrative remedies.  Finally, Respondents maintain

that the only proper respondent is his "custodian."

## **Legal Standard**

A district court may issue a writ of habeas corpus to a person who is "in

custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3).  Pursuant to 28 U.S.C. § 2243, the court, when evaluating

an application for the writ of habeas corpus, "shall forthwith award the writ or

issue an order directing the respondent to show cause why the writ should not be

granted, unless it appears from the application that the applicant . . . is not entitled

thereto."

## Analysis

### The Proper Respondents

Petitioner names as Respondents: (1) Kevin Raycraft, Director of the Detroit Field Office for the U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations; (2) U.S. Department of Homeland Secretary Noem; (3) Attorney General Bondi; (4) the U.S. Department of Homeland Security; and (5) the Executive Office for Immigration Review ("EOIR").  Respondents argue that the only proper respondent in this case is Director Raycraft.

Section 2243 instructs a habeas court to direct the writ "to the person having custody of the person detained."  28 U.S.C. § 2243.  "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973).  As such, the proper habeas respondent must have "the power to produce the body of [the petitioner] before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  *Rumsfeld v. Padilla*, 542 U.S. 542 U.S. 416, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).  In *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), the court held that the ICE Field Office Director is the immediate custodian of an individual in immigration detention.  *Id*. at 322.

3

ICE maintains multiple regional field offices to oversee the day-to-day operations of its enforcement and detention apparatus. *See https://perma.cc/6EPY-QUKB*. The Detroit Field Office is responsible for enforcement operations and detention in Michigan and Ohio. *See id*. As such, Director Raycraft is *a* proper respondent. This does not mean that the remaining individuals and entities are not also properly named.

Petitioner is being detained under a new ICE directive, issued in coordination with the Department of Justice, instructing that Section 235(b) of the INA, 8 U.S.C. § 1225(b), rather than Section 236, 8 U.S.C. § 1226(a), applies to all illegal immigrants except those admitted to the United States and chargeable with deportability under Section 237 of the statute. *See https://perma.cc/6JUM-ZNRJ*. Petitioner is not seeking only his immediate release or a bond hearing in this action, but also asks the Court to declare that § 1226(a), rather than § 1225(b)(2)(A), is the appropriate statutory provision governing the detention of noncitizens like him—that being, individuals who were not at the border or a port of entry seeking admission to the United States when they were detained, but who were already residing in the country when they were apprehended and charged as inadmissible. Petitioner also seeks injunctive relief to prevent his transfer from this District pending removal proceedings. Secretary Noem, through Homeland Security, and Attorney General Bondi, through the Department of Justice, are

responsible for the directive at issue, the implementation and enforcement of the INA (including the detention and removal of noncitizens), and the immigration court system where Petitioner is being denied a bond hearing.

For these reasons, the Court finds no reason to dismiss these named Respondents from this action.  However, the Court finds no reason to include the EOIR.

### Exhaustion

Respondents argue that Petitioner must exhaust his administrative remedies before proceeding with his claims here.  Exhaustion is required when Congress "specifically mandates" it.  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). When exhaustion is not mandated, the decision whether to require it is within the court's "sound judicial discretion."  *Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013) (citation omitted).  A growing number of district judges have concluded, when ruling on habeas petitions like the current one, that no applicable statute or rule requires administrative exhaustion in this situation and exhaustion should not be required.  *See, e.g., Lopez-Campos v. Raycraft*, -- F. Supp. 3d --, 2025 WL 2496379, at *4-5 (E.D. Mich. Aug. 29, 2025) (McMillion, J.); *Jose J.O.E. v. Bondi*, -- F. Supp. 3d --, 2025 WL 2466670, at *5-6 (D. Minn. Aug. 27, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1250-54 (W.D. Wash. 2025); *Morales-Martinez v. Raycraft*, No. 25-cv-13303, 2025 WL 3124695, at *2 (E.D. Mich. Nov. 7, 2025)

(Behm, J.) ("agree[ing] with the majority of district courts in this circuit and around the nation in deciding not to enforce an exhaustion requirement"). This Court adopts the reasoning in those decisions and concludes that Petitioner need not exhaust administrative remedies to proceed with his claims here.

### The Merits

The key issue here is which provision of the INA applies to the detention of individuals like Petitioner—i.e., non-U.S. citizens facing removal proceedings who were not taken into custody at the border or a port of entry but after living in the United States for some period of time. The choice is between the discretionary detention framework of § 1226(a), as Petitioner argues, or the mandatory detention requirement in § 1225(b)(2), as Respondents argue. This Court is not the first to decide which provision applies.

Numerous courts throughout the country have been presented with the issue since July of this year, when ICE issued its mandatory-detention directive, thereby departing from the government's longstanding interpretation of the INA as providing for the discretionary detention of individuals like Petitioner. An overwhelming majority of those courts have concluded that § 1226(a) is the appropriate statutory framework. *See, e.g., Alvarez Ortiz v. Freden*, -- F. Supp. 3d. --, 2025 WL 3085032 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, -- F. Supp. 3d --, 2025 WL 2809996 (D. Mass. Oct. 3, 2025); *Rodriguez*, 2025 WL

6

2782499; *Romero-Nolasco v. McDonald*, -- F. Supp. 3d --, 2025 WL 2778036 (D. Mass. Sept. 29, 2025); *Inlago Tocagon v. Moniz*, -- F. Supp. 3d --, 2025 WL 2778023 (D. Mass. Sept. 29, 2025); *Valencia Zapata v. Kaiser*, -- F. Supp. 3d --, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); *Lepe v. Andrews*, -- F. Supp. 3d --, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Giron Reyes v. Lyons*, -- F. Supp. 3d --, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Hasan v. Crawford*, -- F. Supp. 3d --, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Pablo Sequen v. Kaiser*, -- F. Supp. 3d --, 2025 WL 2650637 (N.D. Cal. Sept. 16, 2025); *Sampiao v. Hyde*, -- F. Supp. 3d --, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); *Doe v. Moniz*, -- F. Supp. 3d --, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); *Lopez-Campos*, 2025 WL 2496379; *Francisco T. v. Bondi*, -- F. Supp. 3d --, 2025 WL 2629839 (D. Minn. Aug. 29, 2025); *Jose J.O.E.*, 2025 WL 2466670; *Maldonado v. Olson*, -- F. Supp. 3d --, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Lopez Benitez v. Francis*, -- F. Supp. 3d --, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025); *Jimenez v. FCI Berlin, Warden*, -- F. Supp. 3d --, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Gallegos Valenzuela*, No. 25-cv-13499, 2025 WL 3296042 (N.D. Ill. Nov. 26, 2025); *Hurtado-Medina v. Raycraft*, No. 25-cv-13248, 2025 WL 3268896 (E.D. Mich. Nov. 24, 2025) (Leitman, J.); *Robledo Gonzalez v. Raycraft*, No. 25-cv-13502, 2025 WL 3218242 (E.D. Mich. Nov. 17, 2025) (Michelson, J.); *Diego v. Raycraft*, No. 25-cv-13288, 2025 WL 3159106

(E.D. Mich. Nov. 12, 2025) (Levy, J.); *Morales-Martinez*, 2025 WL 3124695; *Gimenez Gonzalez v. Raycraft*, No. 25-cv-13094, 2025 WL 3006185 (E.D. Mich. Oct. 27, 2025) (Kumar, J.); *Jiménez García v. Raybon*, No. 25-cv-13086, 2025 WL 2976950 (E.D. Mich. Oct. 21, 2025) (DeClercq, J.); *Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Alvarenga Matute v. Wofford*, No. 25-cv-01206, 2025 WL 2817795 (E.D. Cal. Oct. 3, 2025); *Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07286, 2025 WL 2822876 (N.D. Cal. Oct. 3, 2025); *Echevarria v. Bondi*, No. 25-cv-03252, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025); *Ayala Casun v. Hyde*, No. 25-cv-427, 2025 WL 2806769 (D.R.I. Oct. 2, 2025); *Chanaguano Caiza v. Scott*, No. 25-cv-00500, 2025 WL 2806416 (D. Me. Oct. 2, 2025); *Guzman Alfaro v. Wamsley*, No. 25-cv-01706, 2025 WL 2822113 (W.D. Wash. Oct. 2, 2025); *Rocha v. Hyde*, No. 25-cv-12584, 2025 WL 2807692 (D. Mass. Oct. 2, 2025); *D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Chiliquinga Yumbillo v. Stamper*, No. 25-cv-00479, 2025 WL 2783642 (D. Me. Sept. 30, 2025); *Quispe-Ardiles v. Noem*, No. 25-cv-01382, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Alves da Silva v. U.S. Immigr. & Customs Enf't*, No. 25-cv-284, 2025 WL 2778083 (D.N.H. Sept. 29, 2025); *Chang Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579 (D. Me. Sept. 29, 2025); *J.U. v.*

*Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025);

*Quispe v. Crawford*, No. 25-cv-1471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025);

*Rivera Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496 (D.N.J. Sept. 26,

2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717 (M.D. Fla. Sept. 25,

2025); *Roa v. Albarran*, No. 25-cv-07802, 2025 WL 2732923 (N.D. Cal. Sept. 25,

2025); *Brito Barrajas v. Noem*, No. 25-cv-00322, 2025 WL 2717650 (S.D. Iowa

Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-96, 2025 WL 2699219 (W.D. Ky. Sept.

22, 2025); *Chogllo Chafla v. Scott*, No. 25-cv-00437, 2025 WL 2688541 (D. Me.

Sept. 21, 2025); *Yumbillo v. Stamper*, No. 25-cv-00479, 2025 WL 2688160 (D. Me.

Sept. 19, 2025); *Beltran Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565

(W.D. Ky. Sept. 19, 2025); *Maldonado Vazquez v. Feeley*, No. 25-cv-01542, 2025

WL 2676082 (D. Nev. Sept. 17, 2025); *Velasquez Salazar v. Dedos*, No. 25-cv-

00835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Garcia Cortes, v. Noem*, No.

25-cv-02677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Salcedo Aceros v.

Kaiser*, No. 25-cv-5624, 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025); *Lopez

Santos v. Noem*, No. 25-cv-01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025);

*Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept.

9, 2025) (White, J.); *Hinestroza v. Kaiser*, No. 25-cv-07559, 2025 WL 2606983

(N.D. Cal. Sept. 9, 2025); *Guzman v. Andrews*, No. 25-cv-01015, 2025 WL

2617256 (E.D. Cal. Sept. 9, 2025); *Mosqueda v. Noem*, No. 25-cv-02304, 2025 WL

2591530 (C.D. Cal. Sept. 8, 2025); *Garcia v. Noem*, No. 25-cv-02180, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Hernandez Nieves v. Kaiser*, No. 25-cv-06921, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Kostak v. Trump*, No. 25-cv-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Diaz Diaz v. Mattivelo*, No. 25-cv-12226, 2025 WL 2457610 (D. Mass. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 25-cv-02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-cv-06248, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Romero v. Hyde*, No. CV 25-11631, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Arrazola-Gonzalez v. Noem*, No. 25-cv-01789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Dos Santos v. Noem*, No. 25-cv-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Rosado v. Figueroa*, No. 25-cv-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299 (D. Mass. July 7, 2025).[1]   This Court is persuaded by these decisions.

---

[1] Respondents identify just a handful of contrary decisions: *Chavez v. Noem*, -- F. Supp. 3d --, 2025 WL 2730228, at *4-5 (S.D. Cal. Sept. 24, 2025) (concluding that § 1225(b)(2) applies to noncitizens present in the United States under the plain meaning of the statute); *Mejia Olalde v. Noem*, No. 25-00168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) (same); *Silva Oliveira v. Patterson*, No. 25-01463, 2025 WL 3095972 (W.D. La. Nov. 4, 2025) (same); *Barrios Sandoval v. Acuna*, No. 25-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025) (same); *Garibay-Robledo v. Noem*, No. 25-177, 2025 WL 2638672 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, No. 25-526, 2025 WL 2780351, at *4-9 (D. Neb. Sept. 30, 2025) (same); (same); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025) (same).

Section 1225(b)(2)(A) appears in the section of the INA titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." 8 U.S.C. § 1225. The section starts by identifying the class of aliens[2] covered by § 1225(b)(2)(A): "applicants for admission." *Id*. § 1225(a)(1). The section continues: "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission." *Id*. Elsewhere, "admission" and "admitted" are defined as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

Section 1225(b)(2)(A) identifies one circumstance where the detention of an "applicant for admission" is mandatory. It provides, subject to exceptions not relevant here, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a

_____

[2] The Court prefers the term noncitizens. However, because "alien" is the term used in the INA, the Court will use that term during its interpretation of the statute to avoid confusion.

11

proceeding under section 1229a of this title [removal proceedings]."  8 U.S.C.

§ 1225(b)(2)(A).  Aliens detained under Section 1225(b)(2)(A) are not entitled to a

bond hearing, although the Secretary of Homeland Security, in his or her

discretion, may temporarily parole an individual "for urgent humanitarian reasons

or significant public benefit[.]"  8 U.S.C. § 1182(d)(5)(A).

The title of § 1226 of the INA is "Apprehension and detention of aliens[.]"

8 U.S.C. § 1226.  Section 1226(a) is titled "Arrest, detention, and release[.]"  *Id*.

§ 1226(a).  This provision reads:

> On a warrant issued by the Attorney General, an alien
> may be arrested and detained pending a decision on
> whether the alien is to be removed from the United
> States.  Except as provided in subsection (c) and pending
> such decision, the Attorney General--
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
> (A) bond of at least $1,500 with security approved by,
> and containing conditions prescribed by, the Attorney
> General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization
> (including an "employment authorized" endorsement or
> other appropriate work permit), unless the alien is
> lawfully admitted for permanent residence or otherwise
> would (without regard to removal proceedings) be
> provided such authorization.

*Id.*  The statute's implementing regulations also provide that, before a final order of removal is issued, the alien may "request amelioration of the conditions under which he or she may be released"—such as an application to the immigration judge for release on bond.  8 C.F.R. § 1236.1(d)(1).

According to the plain language of the statute, § 1225(b)(2)(A) applies only when an alien is "seeking admission" and the "examining immigration officer" concludes that the alien "is not clearly and beyond doubt entitled to be admitted." Petitioner was not in the process of seeking admission when he encountered federal officials who deemed him not entitled to be admitted.  He was going about his everyday life when he was stopped, arrested, and placed in ICE custody.  The plain language of § 1226, including the title of this section and its subsections, apply to his situation.  *See Dubin v. United States*, 599 U.S. 110, 120-21 (2023) ("This Court has long considered that the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute.").

Respondents nevertheless maintain that any noncitizen "present in the United States who has not been admitted" is an "applicant for admission" under the plain language of § 1225(a)(1).  Thus, Respondents continue to argue, all unadmitted noncitizens present in the United States are "applicants for admission" regardless of their proximity to a border, the length of their presence, or whether

they intend to properly apply for admission.  As such, Respondents claim,

Petitioner was seeking admission when an immigration officer determined that he

was not clearly and beyond a doubt entitled to be admitted.

As courts have previously concluded, however, Respondents' interpretation

"suffers from a number of fatal flaws." *Guerrero Orellana v. Moniz*, -- F. Supp. 3d

--, 2025 WL 2809996, at *7 (D. Mass. Oct. 3, 2025).  "Equating the terms

'applicant for admission' and 'seeking admission' ignores the plain meaning of the

latter phrase, which . . . implies some present action." *Id*.; *see also Martinez*, 792

F. Supp. 3d at 218 (citations omitted).  Respondents' interpretation also "is contrary

to the [Department of Homeland Security]'s own implementing regulations, its

published guidance, the decisions of its immigration judges (until very recently),

decades of practice, the Supreme Court's gloss on the statutory scheme, and the

overall logic of our immigration system." *Romero v. Hyde*, -- F. Supp. 3d --, 2025

WL 2403827, at *9 (D. Mass. Aug. 19, 2025) (internal citations omitted).  It also

violates a "cardinal principle of statutory construction"—specifically, that "a

statute ought, upon the whole, be so construed that, if it can be prevented, no

clause, sentence, or word shall be superfluous, void, or insignificant." *Alvarez*

*Ortiz*, 2025 WL 3085032, at *7 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31

(2001)).  If possible, every clause and word of a statute must be given effect.

*United States v. Menasche*, 348 U.S. 528, 538-39 (1995).

14

"As numerous courts have observed, if all 'applicants for admission' also are 'seeking admission,' then the words 'seeking admission' would be surplusage." *Alvarez Ortiz*, 2025 WL 3085032, at *7 (collecting cases).  "After all," the court reasoned in *Alvarez Ortis*, "Congress simply could have said 'if the examining immigration officer determines that an applicant for admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained.'  Instead, however, Congress said that an alien who is an applicant for admission and who is seeking admission shall be detained if the examining immigration officer determines that he or she is not clearly entitled to be admitted." *Id*. (quoting 8 U.S.C. § 1225(b)(2)(A)).  Thus, the district court concluded, " 'seeking admission' cannot be synonymous with 'applicant for admission.'  It must refer to seeking physical entry at the border, not the legal right to enter." *Id*. (footnotes omitted).

In short, § 1226 provides the general rule for detention of noncitizens, while § 1225 specifically covers noncitizens detained at a border or port of entry. Petitioner was not apprehended upon his arrival to the United States at a border or port of entry.  Instead, he has lived in the United States for close to twenty years and was apprehended during a traffic or controlled stop.  Section 1226, therefore, governs his detention and he is entitled to a bond hearing under the statute's discretionary framework.

## Conclusion

The Court concludes that, with the exception of EOIR, the named individuals and agencies are proper Respondents in this case.[3]  The Court further concludes that Petitioner need not exhaust his administrative remedies to proceed with his request for habeas relief under § 2241.  Finally, the Court holds that by denying Petitioner a bond hearing, Respondents have violated the INA.  The Court therefore finds it unnecessary to address Petitioner's due process claim at this time.

Accordingly,

**IT IS ORDERED** that Petitioner's habeas corpus petition is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall be afforded a bond hearing under § 1226(a) before an immigration judge on or before **5:00 p.m. on December 10, 2025**, or be released.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of this Opinion and Order, Respondents shall file a status report certifying their compliance with this Opinion and Order and detailing the results of the bond hearing.

s/ Linda V. Parker_____
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 3, 2025

---

[3] EOIR is therefore being terminated as a party to this action.

16